[Cite as *State v. Holly*, 2011-Ohio-2284.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.   95454

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ERIC HOLLY

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-536604

**BEFORE:**     Boyle, J., Blackmon, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**    May 12, 2011
**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
BY:   Erika B. Cunliffe
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Jeffrey S. Schnatter
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


MARY J. BOYLE, J.:

{¶ 1}  Defendant-appellant, Eric Holly, appeals his conviction and sentence.  We affirm his conviction and vacate his sentence in part.

Procedural History and Facts

{¶ 2}  In June 2010, the grand jury indicted Holly on five counts: two counts of

felonious assault in violation of R.C. 2903.11(A)(1) and (A)(2); kidnapping in violation of R.C. 2905.01(A)(3); domestic violence in violation of R.C. 2919.25(A); and violating a protective order in violation of R.C. 2919.27(A)(1). The allegations giving rise to the charges were that, on April 14, 2010, Holly rammed his vehicle several times into a Dodge Caravan that his wife was driving, "trying to run her off the road." Once the van was stopped, he jumped through the broken window of the van, grabbed his wife by her hair, and then punched her five to six times.

{¶ 3} Holly initially pleaded not guilty to the charges but subsequently withdrew his guilty plea after reaching an agreement with the state. He pled guilty to a single count of felonious assault, a second degree felony, and misdemeanor charges of domestic violence and violating a protection order. The remaining counts were dismissed. The trial court accepted Holly's guilty plea and ultimately sentenced him to a total of six years in prison, ordered restitution to the victim, and permanently barred Holly from having any contact with the victim. The trial court also notified Holly that he is subject to a mandatory term of three years postrelease control when he is released from prison.

{¶ 4} Two days following sentencing, Holly, pro se, filed a motion to vacate his guilty plea. He further requested the appointment of appellate counsel to represent him on appeal. The trial court denied his motion to withdraw his plea but appointed counsel for a direct appeal.

{¶ 5} Holly timely filed this direct appeal, raising the following two assignments of error:

{¶ 6} "[I.] Mr. Holly's guilty plea was not entered knowingly and intelligently because it was conditioned on the promise that he would first receive an evaluation by TASC prior to sentencing and that evaluation never took place.

{¶ 7} "[II.] The sentence imposed is contrary to law, violates Mr. Holly's right to due process, and must be vacated."

Direct Appeal

{¶ 8} Initially, we address the state's contention that Holly's assignments of error are barred on the grounds that he should have raised these in a direct appeal. Relying on this court's decision in *State v. Muldrew*, 8th Dist. No. 85661, 2005-Ohio-5000, the state argues that Holly is improperly "bootstrapping" arguments in an appeal of a post-sentence motion to vacate a guilty plea — arguments that it maintains should have been raised in a direct appeal. But our review of the record reveals that Holly timely commenced this appeal within 30 days of the trial court's sentencing of him. And although he included the trial court's judgment denying his motion to vacate his guilty plea, he additionally attached the final sentencing journal entry to his notice of appeal and specifically stated that he was appealing his conviction. We therefore find that Holly's arguments are not barred and have been properly raised in a direct appeal.

{¶ 9}   We now turn to the merits of each assignment of error.

<u>Crim.R. 11 and Voluntariness of the Plea</u>

{¶ 10} In his first assignment of error, Holly argues that his guilty plea should be vacated because the plea was not entered knowingly, intelligently, or voluntarily.   We disagree.

{¶ 11} Crim.R. 11(C)(2) provides that "[i]n felony cases the court may refuse to accept a plea of guilty * * * , and shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:

{¶ 12} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶ 13} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of * * * no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶ 14} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which

the defendant cannot be compelled to testify against himself or herself."

{¶ 15} The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard* (1981), 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115. "The standard for reviewing whether the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review." *State v. Cardwell*, 8th Dist. No. 92796, 2009-Ohio-6827, ¶26, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163. "It requires an appellate court to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C)." Id.

{¶ 16} The gravamen of Holly's argument is that his plea was conditioned on him receiving a TASC evaluation, which he never received. TASC is an acronym for a program known as "Treatment Alternatives to Street Crime"; the program provides community-based treatment for drug or alcohol dependent offenders. According to Holly, he entered his plea with the understanding that he would undergo a TASC evaluation and the failure to provide one negates the voluntariness of his plea.

{¶ 17} We find no evidence in the record to support Holly's contention. While the trial court noted that there had been a request for a TASC referral at the plea hearing, there was absolutely no representation made that one would be provided or that his plea was conditioned on receiving one. Our review reveals that the trial court fully complied with the

requirements of Crim.R. 11. The trial court engaged in a colloquy with Holly prior to accepting his plea, fully informing him of all his constitutional and nonconstitutional rights. Holly expressly represented that he was entering the plea voluntarily and that he had not been promised any sentence or any other specific promises.

{¶ 18} We further note that, aside from there being no evidence in the record that Holly was promised a TASC assessment as a condition of changing his plea, we find no basis to conclude that a TASC assessment did not occur. The docket reflects that on June 1, 2010, the same day as Holly's change of plea hearing, the trial court journalized Holly's plea and referred him "for TASC drug/alcohol assessment." At the sentencing hearing, approximately three weeks later, Holly never indicated that the TASC evaluation did not occur. Nor did his defense counsel raise any objection prior to sentencing. We, therefore, find no basis to conclude that the referral did not occur.

{¶ 19} We find no merit to Holly's claim that his plea was not voluntary and overrule the first assignment of error.

### Sentence

{¶ 20} In his second assignment of error, Holly argues that his sentence is contrary to law because the trial court had no authority to order the additional sanction of permanently barring him from having any contact with the victim. Holly contends that the imposition of

an indefinite "no contact" order renders the entire sentence void and that he is entitled to a new sentencing hearing.

{¶ 21} It is well settled that a trial court may only impose a sentence as provided for by law. *State v. Bruno*, 8th Dist. No. 77202, 2001-Ohio-4227, citing *State v. Eberling* (Apr. 9, 1992), 8th Dist. No. 58559. While a "no contact" order may be properly imposed as a sanction pursuant to R.C. 2929.25 when a trial court places a defendant on community controlled sanctions, we find no authority in Ohio sentencing law to allow for such a penalty when imposing a prison term, nor does the state cite to any authority. Once the trial court imposed a prison term and executed Holly's sentence, the authority to impose any "no contact" order following Holly's release from prison lies with the Adult Parole Board. Indeed, Holly faces a mandatory term of three years of postrelease control following his release from prison.

{¶ 22} Contrary to Holly's assertion, however, this unlawful part of his sentence does not render his entire sentence void, entitling him to a new sentencing hearing. See *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. Instead, consistent with our authority under R.C. 2953.08(G), we vacate this portion of Holly's sentence that includes an indefinite "no contact" order. The remainder of his sentence, which includes the imposition of six years in prison and a restitution order, that has not been challenged, we affirm in its entirety.

**{¶ 23}** The second assignment of error is sustained in part and overruled in part.

**{¶ 24}** Conviction is affirmed, sentence is modified, and case remanded. Upon remand, the trial court is instructed to correct the sentencing entry to eliminate the indefinite "no contact" order.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

PATRICIA ANN BLACKMON, P.J., and
EILEEN A. GALLAGHER, J., CONCUR