THE STATE OF OHIO, APPELLEE, *v.* ANDERSON, APPELLANT.

[Cite as *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089.]

(No. 2014–0674—Submitted March 10, 2015—Decided June 3, 2015.)

KENNEDY, J.

## I. Introduction

{¶ 1} In this appeal, we resolve a conflict between the Eighth and Ninth District Courts of Appeals on a question that appellant states as follows: "If a defendant is sentenced to prison for a term of incarceration, does the trial court have authority to issue against the defendant, a 'no contact' order with the victim?" We answer the question in the negative. A trial court cannot impose a prison term and a no-contact order for the same felony offense. Accordingly, we vacate the trial court's no-contact order.

## II. Facts and Procedural History

{¶ 2} A jury found appellant, David Anderson, guilty of kidnapping in violation of R.C. 2905.01(A)(4) and rape in violation of R.C. 2907.02(A)(2), both first-degree felonies. The trial court imposed a mandatory prison term of ten years for the rape and a discretionary term of seven years for the kidnapping and ordered the sentences to be served consecutively. The trial court also ordered Anderson to have no contact with the victim.

{¶ 3} On appeal, Anderson argued that "the trial court committed reversible and plain error when it ordered Anderson [to] have 'no contact' with the prosecuting witness." Anderson relied on *State v. Holly*, 8th Dist. Cuyahoga No. 95454, 2011-Ohio-2284, 2011 WL 1843447.

{¶ 4} The court of appeals stated that "[w]hile the imposition of a no contact order may under certain circumstances function as a community control sanction, there is nothing to indicate that it may only function as a community control

sanction." 2014-Ohio-1206, 2014 WL 1344584, ¶ 34. The court continued, "While there is no statutory provision expressly authorizing the imposition of a no contact order, this Court finds it is significant that there is no provision prohibiting the imposition of such an order." *Id.* After reasoning that a no-contact order serves the "overriding purposes of felony sentencing," the court of appeals held that "a trial court may impose a no contact order as part of its sentence." *Id.* at ¶ 35 and 39. Accordingly, the court of appeals affirmed Anderson's sentences.

{¶ 5} The Ninth District Court of Appeals found that its decision was in conflict with decisions of the Eighth District Court of Appeals in *Holly* and *State v. Rogers,* 8th Dist. Cuyahoga Nos. 97093 and 97094, 2012-Ohio-2496, 2012 WL 2046790. We agreed and accepted the case for review.

## III. Analysis

{¶ 6} In the Eighth District's opinions in *Holly* and *Rogers,* the court could "find no authority in Ohio sentencing law to allow for [a no-contact order] when imposing a prison term." *Holly,* 2011-Ohio-2284, 2011 WL 1843447, at ¶ 21; *Rogers,* 2012-Ohio-2496, 2012 WL 2046790, at ¶ 34. Instead, it held, "[O]nce the trial court imposed a prison term and executed [the defendant's] sentence, the authority to impose any 'no contact' order following [the defendant's] release from prison lies with the Adult Parole Board." *Holly* at ¶ 21.

{¶ 7} The Ninth District Court of Appeals held in this case that while there is no authority expressly permitting a court to impose a no-contact order as a sanction for a criminal offense, there is also no authority that expressly prohibits a trial court from doing so. 2014-Ohio-1206, 2014 WL 1344584, ¶ 34. Finding that a no-contact order satisfies the purposes of felony sentencing and relying on the lack of any authority prohibiting its imposition as a sanction for a criminal offense, the court of appeals held that a no-contact order could be imposed as part of a sentence.

{¶ 8} The conflict question asks, "If a defendant is sentenced to prison for a term of incarceration, does the trial court have authority to issue against the defendant, a 'no contact' order with the victim?" Answering that question in light of the appellate court's holding requires the examination of several issues, including (1) where do courts draw their authority to impose sentences for criminal offenses? (2) is a no-contact order a community-control sanction? and (3) if a no-contact order is a community-control sanction, can it be imposed along with a prison term for the same offense?

{¶ 9} We begin our analysis by examining where a trial court draws its authority to impose criminal sentences.

## A. Authority for Criminal Sentencing

{¶ 10} "[A] sentence is a penalty or combination of penalties imposed on a defendant as punishment for the offense he or she is found guilty of committing." *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 28. "Judges have no inherent power to create sentences." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 22, citing Griffin & Katz, *Ohio Felony Sentencing Law*, Section 1:3, at 4, fn. 1 (2008), and *Woods v. Telb*, 89 Ohio St.3d 504, 507–509, 733 N.E.2d 1103 (2000). Rather, judges are duty-bound to apply sentencing laws as they are written. *Id.*

{¶ 11} In 1974, in enacting R.C. 2901.03, the General Assembly abrogated common-law criminal liability by requiring that all criminal offenses be codified. *State v. Collins*, 1st Dist. Hamilton No. C–77614, 1979 WL 208641, *1 (Mar. 7, 1979). R.C. 2901.03 provides:

(A) No conduct constitutes a criminal offense against the state unless it is defined as an offense in the Revised Code.

(B) An offense is defined when one or more sections of the Revised Code state a positive prohibition or enjoin a specific duty, and provide a *penalty* for violation of such prohibition or failure to meet such duty.

(Emphasis added.)

{¶ 12} Consequently, " 'the only sentence which a trial judge may impose is that provided for by statute * * *.' " *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984), quoting *Colegrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964); *see also State v. Morris*, 55 Ohio St.2d 101, 112, 378 N.E.2d 708 (1978), citing *Toledo Mun. Court v. State ex rel. Platter*, 126 Ohio St. 103, 184 N.E. 1 (1933) ("It has long been recognized in this state that the General Assembly has the plenary power to prescribe crimes and fix penalties").

{¶ 13} As stated by the Indiana Supreme Court, because " 'sentencing is a creature of the legislature * * * courts are limited to imposing sentences that are *authorized* by statute, rather than only being limited to sentences that are not *prohibited* by statute.' " (Emphasis sic.) *Wilson v. State*, 5 N.E.3d 759 (Ind. 2014), quoting *Wilson v. State*, 988 N.E.2d 1221, 1224 (Ind.App.2013) (Robb, C.J., dissenting).

{¶ 14} "In 1990, the General Assembly enacted legislation authorizing the creation of the Ohio Criminal Sentencing Commission and instructed it to develop and recommend to the General Assembly a comprehensive criminal sentencing structure." *Woods*, 89 Ohio St.3d at 507, 733 N.E.2d 1103, citing R.C. 181.21 and 181.23. Pursuant to the commission's recommendations, in 1995, the General

Assembly enacted Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136 ("SB 2"). *Id.* at 507, 508. "This legislation reflected the state's first comprehensive revision of Ohio's criminal code since 1974, and it altered both the definitions of criminal offenses and the sentencing system." *State v. Bates,* 118 Ohio St.3d 174, 2008-Ohio-1983, 887 N.E.2d 328, ¶ 5, citing *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 34, and *Woods* at 507–508.

{¶ 15} SB 2 enacted the following provisions that address felony sentencing: R.C. 2929.11 (purposes of felony sentencing), 2929.12 (factors to consider in felony sentencing), 2929.13 (guidelines for imposing felony sentences), 2929.14 (prison terms), 2929.15 (guidelines for imposing community-control sanctions), 2929.16 (residential community-control sanctions), 2929.17 (nonresidential community-control sanctions), 2929.18 (financial community-control sanctions), and 2929.19 (felony-sentence hearings).

{¶ 16} None of these felony-sentencing statutes expressly provides that a no-contact order is an available sanction for a felony offense, and our research fails to locate any statute that expressly authorizes such a sanction for a criminal offense.

### B. A No–Contact Order Is a Community–Control Sanction

{¶ 17} Ohio courts have recognized that a no-contact order is a community-control sanction. *E.g. State v. Snyder,* 3d Dist. Seneca No. 13–12–38, 2013-Ohio-2046, 2013 WL 2152555, ¶ 55; *State v. Schwartz,* 6th Dist. Wood No. WD–12–060, 2013-Ohio-3958, 2013 WL 5211403, ¶ 9–12; *State v. Marcum,* 4th Dist. Hocking Nos. 11CA8 and 11CA10, 2012-Ohio-572, 2012 WL 474059, ¶ 11; *State v. Simms,* 12th Dist. Clermont No. CA2009–02–005, 2009-Ohio-5440, 2009 WL 3260655, ¶ 25; and *State v. Loveless,* 2d Dist. Champaign No. 2002CA16, 2002-Ohio-5380, 2002 WL 31243536, ¶ 18.

{¶ 18} The community-control statutes for felony offenses (R.C. 2929.16, 2929.17, and 2929.18) state that the community-control sanctions "include, but are not limited to, the following" and then give examples. "The statutory phrase 'including, but not limited to,' means that the examples expressly given are 'a *nonexhaustive* list of examples.' (Emphasis sic.)" *State v. Anderson,* 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, ¶ 45, quoting *State v. Muncie,* 91 Ohio St.3d 440, 448, 746 N.E.2d 1092 (2001).

{¶ 19} A "sentencing court has broad discretion to shape community control sanctions provided that the sanctions are constitutionally and statutorily permitted." Katz, Lipton, Gianneli, & Crocker, *Baldwin's Ohio Practice, Criminal Law,* Section 119:2 (3d Ed.2014).

{¶ 20} The parties do not dispute that a no-contact order is a community-control sanction. Their only disagreement is whether the trial court can impose a term of imprisonment and a community-control sanction of no contact for the same felony offense.

### C. For a Felony Offense, a Term of Imprisonment and Community–Control Sanctions Are Alternatives

{¶ 21} "Prior to S.B. 2, it was a regular practice in felony sentencing to impose a prison sentence and then suspend the sentence and grant probation with specific terms and conditions." *State v. Hoy*, 3d Dist. Union Nos. 14–04–13 and 14–04–14, 2005-Ohio-1093, 2005 WL 579119, ¶ 18.

> " 'Prior to 1995 Senate Bill 2, it was quite appropriate for a judge to treat probation as a contract for leniency. * * * Probation was conditioned on good behavior. Violation of that probation was a breach of contract with the sentencing judge. For the breach, the judge could properly impose the suspended prison sentence—even for the most trivial violation of proba-tion.' "

*State v. Wolfe*, 5th Dist. Stark No. 2008–CA–00064, 2009-Ohio-830, 2009 WL 448893, ¶ 15, quoting *State v. Gilliam*, 4th Dist. Lawrence No. 98 CA 30, 1999 WL 740248 (June 10, 1999), quoting Griffin & Katz, *Ohio Felony Sentencing Law*, Section T5.36, at 426–427 (1998 Ed.).

{¶ 22} "[O]ne of the overriding goals of SB 2 was 'truth in sentencing,' meaning that the sentence imposed by the judge is the sentence that is served, unless altered by the judge. This was primarily accomplished by two methods: elimi-nating indefinite sentences and eliminating parole." *Woods*, 89 Ohio St.3d at 508, 733 N.E.2d 1103. "With the passage of Am.Sub.S.B. No. 2 in 1995, community control replaced probation as a possible sentence under Ohio's felony sentencing law." *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 16, citing *Cleveland Bar Assn. v. Cleary*, 93 Ohio St.3d 191, 192, 754 N.E.2d 235 (2001), fn. 1. Therefore, options for felony sentencing after SB 2 included prison terms and community-control sanctions. *See* R.C. 2929.14, 2929.16, 2929.17, and 2929.18.

{¶ 23} "[C]urrent felony sentencing statutes, contained primarily in R.C. 2929.11 to 2929.19, require trial courts to impose either a prison term or community control sanctions on each count." *State v. Berry*, 2012-Ohio-4660, 980 N.E.2d 1087, ¶ 21 (3d Dist.), citing *State v. Williams*, 3d Dist. Hocking No. 5–10–02, 2011-Ohio-995, 2011 WL 775909, ¶ 17; *see also State v. Vlad*, 153 Ohio App.3d 74, 2003-Ohio-2930, 790 N.E.2d 1246, ¶ 13 (7th Dist.); *State v. Miller*, 12th Dist.

Butler No. CA2010–12–336, 2011-Ohio-3909, 2011 WL 3443490, ¶ 20; and *State v. Jacobs,* 189 Ohio App.3d 283, 2010-Ohio-4010, 938 N.E.2d 79, ¶ 5 (8th Dist.); and *Baldwin's Ohio Practice, Criminal Law,* Section 119:2 ("To emphasize the break with past assumptions, the [post–SB 2 felony-sentencing] statutes no longer discuss 'suspension' of sentence; rather, the *alternative* to a sentence of imprisonment is a sentence of community control sanctions." [Emphasis added]).

{¶ 24} In *State v. Riley,* 3d Dist. Union No. 14–98–38, 1998 WL 812044 (Nov. 12, 1998), the court found support for its holding that prison and community-control sanctions are alternative punishments for a felony offense in former R.C. 2929.13 and 2929.19. H.B. No. 122, 147 Ohio Laws, Part I, 383. *See also State v. Kinsey,* 7th Dist. Monroe No. 826, 2001 WL 567170, *2 (May 16, 2001); and *State v. Smith,* 1st Dist. Hamilton No. C–980887, 1999 WL 728533, *2 (Sept. 17, 1999).

{¶ 25} First, *Riley* examined former R.C. 2929.13(B)(2)(a), which addressed sentencing for fourth- and fifth-degree felonies. *Riley* quoted the statute:

> "[I]f the court [finds any one of the factors listed in division (B)(1), subsections (a)-(h)], and if the court, after considering the [seriousness and recidivism] factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing * * * *and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."* (Emphasis added.)

(Bracketed material sic.) *Riley* at *2.

{¶ 26} Next, the court in *Riley* considered former R.C. 2929.19(B). In examining R.C. 2929.19(B)(3)(a), the court first quoted the statute:

> " '[I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall * * * [i]mpose a stated prison term * * *.' " *Id.* Alternatively, R.C. 2929.19(B)(5) provided: "If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, *the court shall impose a community control sanction * * *."*

{¶ 27} The court in *Riley* concluded:

> The statute is clear[:] if the court makes the requisite findings determining that prison is necessary or required, then that court "shall * * * [i]mpose a stated prison term." R.C. § 2929.19(B)(3). Conversely, if the

court determines that a community control sanction should be imposed, "the court shall impose a community control sanction." R.C. § 2929.19(B)(5). Further indication that these alternatives are mutually exclusive is the requirement in R.C. § 2929.13(B)(2)(a) that *before* a court imposes a prison term it must find that the fourth or fifth degree felony "offender is not amenable to an available community control sanction."

(Emphasis sic.) *Id.* at *3.

{¶ 28} While R.C. 2929.13 and 2929.19 have been amended numerous times since *Riley* and the other cases mentioned above were decided, the current versions of the felony-sentencing statutes, including R.C. 2929.13 and 2929.19, continue to reflect that the General Assembly intended prison terms and community-control sanctions to be alternative sanctions. For example, under the current version of R.C. 2929.13(B)(1)(a), for a qualifying fourth- or fifth-degree felony, a court "shall sentence the offender to a community control sanction * * * *if all* " of the listed criteria apply, e.g., "[t]he offender previously has not been convicted of or pleaded guilty to a felony." (Emphasis added.) Alternatively, a court "has discretion to impose a prison term * * * *if any* " of a different list of criteria apply, such as "[t]he offender committed the offense while having a firearm on or about the offender's person or under the offender's control." R.C. 2929.13(B)(1)(b).

{¶ 29} Moreover, for first- and second-degree felonies, R.C. 2929.13(D)(1) provides that a prison term is the presumed sentence, but division (D)(2) specifies that upon making certain findings, a court may impose a community-control sanction or sanctions "instead of a prison term."

{¶ 30} R.C. 2929.19 likewise continues to support the interpretation that a court must impose either a prison term or community control for a felony offense. Except for renumbering (B)(5) to (B)(4), the language relied upon in *Riley* remains unchanged today.

{¶ 31} Accordingly, the General Assembly intended prison and community-control sanctions as alternative sentences for a felony offense. Therefore, we hold that as a general rule, when a prison term and community control are possible sentences for a particular felony offense, absent an express exception, the court must impose either a prison term or a community-control sanction or sanctions.

### IV. Conclusion

{¶ 32} Anderson was convicted of two first-degree felonies: rape and kidnapping. The trial court imposed prison terms for both offenses. The court also imposed a no-contact order. Because a court cannot impose a prison term and a

community-control sanction for the same offense, and no exception allows otherwise, we hold that the trial court erred in imposing the no-contact order. Accordingly, we reverse the judgment of the court of appeals and vacate the no-contact order.

Judgment reversed.

O'Connor, C.J., and Pfeifer, O'Donnell, French, and O'Neill, JJ., concur.

Lanzinger, J., concurs in judgment only.

————————

Dennis P. Will, Lorain County Prosecuting Attorney, and Natasha Ruiz Guerrieri, Assistant Prosecuting Attorney, for appellee.

Neil P. Agarwal, for appellant.

Timothy Young, Ohio Public Defender, and Eric M. Hedrick, Assistant Ohio Public Defender, urging reversal for amicus curiae, Ohio Public Defender.