[Cite as *State v. Brown*, 2020-Ohio-4726.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MONROE COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JUSTIN R. BROWN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 MO 0017**

---

Criminal Appeal from the
Court of Common Pleas of Monroe County, Ohio
Case No. 2017-422

**BEFORE:**
Gene Donofrio, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Remanded

---

*Atty. James Peters*, Prosecutor, Monroe County Prosecutor's Office, 101 North Main Street, Room 15, Woodsfield, Ohio 43793, for Plaintiff-Appellee and

*Atty. Carly Edelstein*, Assistant Public Defender, Office of the Ohio Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215, for Defendant-Appellant.

Dated:
September 30, 2020

**Donofrio, J.**

{¶1} Defendant-appellant, Justin Brown, appeals from a Monroe County Common Pleas Court judgment denying his motion to vacate community control.

{¶2} On February 27, 2018, appellant pleaded guilty to one count of theft, a fifth-degree felony in violation of R.C. 2913.02. The trial court subsequently sentenced him to a three-year period of community control under the supervision of the Adult Parole Authority (APA).

{¶3} Only July 18, 2018, plaintiff-appellee, the State of Ohio, filed a motion to modify sentence to impose a prison term on appellant. The state alleged that appellant had violated the terms of his community control by failing to report to his supervising officer and asserted that appellant's whereabouts were unknown. The state later filed an amended motion to modify specifying that appellant failed to report for an office visit as directed on June 27 and appellant failed to notify his supervising officer of a change in his residency.

{¶4} The trial court held an adjudication hearing on the state's motion on October 11, 2018. At the hearing appellant admitted to violating his community control. The court at the dispositional hearing on October 30, 2018 sentenced him to 90 days in prison. The court also notified appellant that upon his release from prison, he was to report to an APA officer "for further supervision including, but not limited to, the commencement of his restitution payments."

{¶5} On June 17, 2019, appellant filed a motion to vacate community control. He asserted that once he was released from prison, he learned from his APA officer that he would be serving a three-year term of community control. He argued that the trial court did not impose a community control term when it imposed the 90-day prison on him. Therefore, he argued he could not be subject to a community control term.

{¶6} The trial court denied appellant's motion. Appellant filed a timely notice of appeal on August 2, 2019. He now raises a single assignment of error.

{¶7} Appellant's assignment of error states:

THE TRIAL COURT ERRED IN DENYING MR. BROWN'S MOTION
TO VACATE COMMUNITY CONTROL.

{¶8}   Appellant first argues that when the trial court revoked his community control and sentenced him to prison, his community control term ended.  Then at the sentence modification hearing, the court did not impose a term of community control.  Therefore, appellant contends, he cannot now be made to serve a community control term.

{¶9}   Next, appellant argues that even if the trial court had sentenced him to a three-year community control term, that sentence would be void because a defendant cannot be sentenced to a prison term and community control for the same offense.  Thus, he asks that we vacate the term of community control.

{¶10}   An appellate court reviews a trial court's imposition of community-control sanctions under an abuse-of-discretion standard.  *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 10.  Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable.  *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶11}   The October 30, 2018 judgment entry, found that appellant violated the terms of his community control. The trial court imposed a 90-day prison sentence as a sanction for the community control violations.  In its judgment entry, the court also advised appellant that following his sentence he could be subject to the possibility of post-release control for up to three years.  And it instructed appellant that upon his release from prison he was to immediately report to his APA officer "for further supervision including, but not limited to, the commencement of his restitution payments."

{¶12}   The judgment entry, however, did not contain an explicit statement of a term for community control.  It is unclear from the court's judgment whether (1) appellant's prior three-year term of community control continued to run while he was in prison, (2) his prior three-year term of community control was suspended while he served his prison sentence and resumed upon his release, or (3) he began a new period of community control upon his release from prison the duration of which was unspecified.

{¶13}   The court was somewhat clearer at the hearing on the matter.  After imposing the 90-day prison term sanction, the court informed appellant, "You're still on

probation [sic.] when you get out." (Tr. 6). Thus, the court seems to suggest to appellant that the three-year community control term continued to run while he was in prison. But it is well-known that in Ohio that a court speaks only though its judgment entries. *State v. King*, 70 Ohio St.3d 158, 162, 1994-Ohio-412, 637 N.E.2d 903. This court will not guess at what the trial court intended. Thus, this matter must be remanded for the trial court to clarify its judgment which of the three options set out above it actually imposed.

{¶14} Appellant further argues that a term of community control would be void under the Ohio Supreme Court's interpretation of R.C. 2929.13(B). Citing *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512. In *Anderson*, the Court held that "when a prison term and community control are possible sentences for a particular felony offense, absent an express exception, the court must impose either a prison term or a community-control sanction or sanctions." *Id.* at ¶ 31. But in *Anderson*, the court was examining an original prison sentence that also contained a community control term. It was not considering sanctions for a community control violation as we are in this case.

{¶15} Moreover, a plain reading of R.C. 2929.13(B)(1)(c) provides that "a sentencing court may impose an *additional* penalty under [R.C. 2929.15(B)]" upon an offender sentenced to a community control sanction if the offender violates the community control conditions, violates a law, or leaves the state without the permission. (Emphasis added).

{¶16} And R.C. 2929.15(B)(1) provides that if an offender violates the terms of community control, the sentencing court may impose any of the following penalties:

(a) A longer time under the same sanction * * *;

(b) A more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code, including but not limited to, a new term in a community-based correctional facility, halfway house, or jail pursuant to division (A)(6) of section 2929.16 of the Revised Code;

(c) *A prison term* on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section, provided that a prison term imposed under this division is subject to the following limitations, as applicable:

(i) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed ninety days.

* * * .

(Emphasis added).

**{¶17}** R.C. 2929.15(B)(1) and R.C. 2929.13(B)(1)(c) both provide for the trial court to impose a prison term as a sanction for a community control violation. Therefore, in this case the trial court was statutorily permitted to impose a prison term as a sanction for violating community control.

**{¶18}** But because the trial court's judgment entry is unclear as to the term of appellant's community control, we find appellant's sole assignment of error to have merit.

**{¶19}** For the reasons stated above, the trial court's judgment is hereby remanded for the court to clarify whether (1) appellant's prior three-year term of community control continued to run while he was in prison, or (2) his prior three-year term of community control was suspended while he served his prison sentence and resumed upon his release, or (3) he began a new period of community control upon his release from prison.

Robb, J., concurs.

D'Apolito, J., concurs.

Case No. 19 MO 0017

———————————

For the reasons stated in the Opinion rendered herein, the assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Monroe County, Ohio, is remanded. We hereby remand this matter to the trial court for the court to clarify whether (1) appellant's prior three-year term of community control continued to run while he was in prison. (2) his prior three-year term of community control was suspended while he served his prison sentence and resumed upon his release, or (3) he began a new period of community control upon his release from prison. Cost to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**