[Cite as *State v. Trimble*, 2021-Ohio-2609.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 : CASE NO. 20CA1126

    vs.                                 :

STEPHEN L. TRIMBLE,                     : DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                :

_____

APPEARANCES:

Miranda D. Holbrook, Cincinnati, Ohio for appellant.

David Kelley, Adams County Prosecuting Attorney, and Kris D.
Blanton, Assistant Adams County Prosecuting Attorney, West Union,
Ohio, for appellee.

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:7-28-21
ABELE, J.

{¶1} This is an appeal from an Adams County Common Pleas Court judgment of conviction and sentence. After Stephen Trimble, defendant below and appellant herein, entered a guilty plea, the trial court found him guilty of rape and importuning. As part of appellant's sentence, the court further ordered him to have no contact with the underage crime victims.

{¶2} Appellant now assigns one error for review:

> "THE TRIAL COURT ERRED TO THE PREJUDICE OF MR.
> TRIMBLE BY SENTENCING HIM TO PRISON FOR A TERM
> OF INCARCERATION, AND ISSUING A NO-CONTACT
> ORDER."

{¶3}  On September 2, 2020, an Adams County Grand Jury returned an indictment that charged appellant with (1) rape of a minor less than 13 years of age in violation of R.C. 2907.02(A)(1)(b), (2) gross sexual imposition in violation of R.C. 2907.05(A)(1)(4), and (3) importuning in violation of R.C. 2907.07(B)(1)(a).  Appellant entered not guilty pleas.

{¶4}  Subsequently, appellant pleaded guilty to rape in violation of R.C. 2907.02(A)(2) and importuning in violation of R.C. 2907.07(B)(1)(a).  The trial court recited the parties' agreed disposition that appellant serve an 11-month prison term for importuning and a 10-year prison term for rape, to be served consecutively.  The court also notified appellant of the mandatory five-year postrelease control term, consequences of a postrelease control violation, and the duty to register as a Tier III sex offender.  The court further ordered appellant to pay a $1,250 fine and court costs.  Finally, the court issued a no-contact order. This appeal followed.

{¶5}  In his sole assignment of error, appellant asserts the trial court erred by imposing both a prison term and a no-contact order for the same offense.  Appellant argues that, pursuant to *State v. Anderson,* 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, a trial court may not impose both a term of imprisonment and a

no-contact order for the same offense.  The state acknowledges *Anderson's* application, but argues that *Anderson* does not fully contemplate or grasp the reality of inmates who now have the ability from prison to electronically contact crime victims.  Thus, the state urges this court to uphold the trial court's judgment.

{¶6}  When reviewing felony sentences, appellate courts apply the standard of review outlined in R.C. 2953.08(G)(2).  *State v. Prater*, 4th Dist. Adams No. 18CA1069, 2019-Ohio-2745, at ¶ 12, citing *State v. Graham*, 4th Dist. Adams No. 17CA1046, 2018-Ohio-1277, at ¶ 13.  Under R.C. 2953.08(G)(2), "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion."  Instead, R.C. 2953.08(G)(2) specifies that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶7}  A defendant bears the burden to establish, by clear and convincing evidence, that a sentence is either contrary to law or not supported by the record.  *State v. Behrle*, 4th Dist. Adams No. 20CA1110, 2021-Ohio-1386, ¶ 48; *State v. Shankland*, 4th Dist.

Washington Nos. 18CA11, 18CA12, 2019-Ohio-404, ¶ 20. "[C]lear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶8}** In *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, the Supreme Court of Ohio addressed the issue appellant raises in the case at bar. In *Anderson*, the trial court imposed both prison terms and a no-contact order. The supreme court explained that a trial court may only impose a sentence provided for by statute, that "Ohio courts have recognized that a no-contact order is a community-control sanction," and the felony-sentencing statutes "reflect that the General Assembly intended prison terms and community-control sanctions to be alternative sanctions" for a felony offense. *Id.* at ¶ 12, 17, 28; *State v. Conant*, 4th Dist. Adams No. 20CA1108, 2020-Ohio-4319, ¶ 43. Thus, *Anderson* held that "as a general rule, when a prison term and community control are possible sentences for a particular felony offense, absent an express exception, the court must impose either a prison term or a community-control sanction or sanctions." *Id.* at ¶ 31. Therefore,

"[a] trial court cannot impose a prison term and a no-contact order for the same felony offense." *Id.* at ¶ 1.

{¶9} The members of this court certainly acknowledge the trial court's frustration, and the state's well-founded concern, that advances in technology now permit even imprisoned defendants to contact their victims in new ways, including electronic communications. In fact, we share that concern. Here, the trial court pointed out that the Ohio Department of Rehabilitation and Correction issues electronic tablets to certain inmates through which they could attempt to contact victims. However, as we concluded in *Conant*, *Behrle*, and *State v. Jordan*, 4th Dist. Adams No. 19CA1105, 2020-Ohio-3928[1], imposing a no-contact order in addition to a prison term is contrary to law. "Trial courts and intermediate courts of appeals are bound by and must follow decisions of the Ohio Supreme Court." *State v. Cox*, 4th Dist. Adams No. 02CA751, 2003-Ohio-1935, ¶ 12.

---

[1] The Ohio Supreme Court initially accepted jurisdiction in *State v. Jordan* over the proposition of law: "A recent Amendment to Ohio's Constitution guarantees victims the right to privacy and protection from the accused. Those new Constitutional rights require this Court to reverse its holding in Anderson and allow a trial court to impose a prison sentence and a no-contact order simultaneously." See *State v. Jordan*, 160 Ohio St.3d 1459, 2020-Ohio-5332, 157 N.E.3d 791. Specifically, the jurisdictional memoranda cited the Marsy's Law Amendment to the Ohio Constitution, which includes "reasonable protection from the accused." The court, however, later vacated its earlier decision and declined jurisdiction. *See State v. Jordan*, 160 Ohio St.3d 1518, 2020-Ohio-6985, 159 N.E.3d 1188.

**{¶10}** Consequently, pursuant to *Anderson*, *supra,* we agree with appellant that in the case sub judice the trial court lacked the authority to impose both a prison term and community-control sanction for the same felony offense, unless an express exception applies.  No such exception, however, has been identified.

**{¶11}** Therefore, we sustain appellant's assignment of error, vacate the no-contact order, and remand this matter to correct the sentencing entry and remove reference to that order.  However, because this court shares the trial court's concerns about the legitimate need for no-contact orders in conjunction with prison sentences, we welcome further review in this matter and encourage legislative action to address this situation.

**{¶12}** Accordingly, appellant's sentence is affirmed in part, reversed and vacated in part, and remanded for further proceedings consistent with this opinion.

JUDGMENT AFFIRMED IN PART, REVERSED AND VACATED IN PART, AND CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed in part, reversed and vacated in part, and remanded for further proceedings consistent with this opinion.  Appellant shall recover of appellee the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of 60 days upon the bail previously posted.  The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.  The stay as herein continued will terminate at the expiration of the 60-day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the 45-day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.  Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.