[Cite as *State v. Thompson*, 2022-Ohio-1073.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellant,           :

                    No. 110785

    v.                             :

BEVERLY THOMPSON,                       :

    Defendant-Appellee.            :

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 31, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-656089-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Frank R. Zeleznikar and Tasha L.
Forchione, Assistant Prosecuting Attorneys, *for
appellant*.

Cullen Sweeney, Cuyahoga County Public Defender, and
Robert McCaleb, Assistant Public Defender, *for appellee*.

MICHELLE J. SHEEHAN, J.:

{¶ 1} The state of Ohio appeals the sentence the trial court imposed upon appellee Beverly Thompson of "time served" as being contrary to law. Because the

sentence the trial court imposed was not a community control sanction, the sentence is contrary to law, and we reverse the judgment of the trial court and remand the case for resentencing.

## I.    FACTS AND PROCEDURAL HISTORY

{¶ 2} On February 3, 2021, Thompson was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree. On August 17, 2021, the trial court accepted Thompson's guilty plea to one count of aggravated assault in violation of R.C. 2903.12(A)(1), a felony of the fourth degree. After accepting the plea, by agreement of the parties, the trial court proceeded immediately to a sentencing hearing. The state provided an outline of the facts underlying Thompson's conviction and told the court that the victim would not appear, but the victim did not want Thompson "to go to jail." Thompson's attorney told the trial court that Thompson did not have a recent criminal record, did not have a problem with drug use, and asked the court to impose community control sanctions.

{¶ 3} The trial court noted that Thompson had a criminal case in 1979 and pronounced sentence as follows:

> Because of your minimal history with the Court and the representation that you do not need drug rehabilitation services, I'm going to sentence you to time served. Thank you.

{¶ 4} The journal entry of conviction provides the following regarding the sentence:

> The court considered all required factors of the law.

Defendant sentenced to time served.
Defendant to receive jail time credit for 1 day(s), to date.
The court hereby enters judgment against the defendant in an amount equal to the costs of this prosecution.

## II. LAW AND ARGUMENT

### A. Assignment of Error

{¶ 5} The state filed this appeal and asserts in its sole assignment of error that the sentence imposed of "time served" for a felony of the fourth degree is unauthorized by statute and is thereby contrary to law and should be reversed. Thompson argues that the trial court imposed both a residential community control sanction and a financial community control sanction and, as such, the sentence was authorized by law and should be affirmed.

### B. Standard of review and applicable law

#### 1. Standard of review of felony sentences

{¶ 6} We review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Cedeno-Guerrero*, 8th Dist. Cuyahoga No. 108097, 2019-Ohio-4580, ¶ 17, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. Pursuant to R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence, or vacate a sentence and remand for resentencing if it "clearly and convincingly finds" that the "sentence is otherwise contrary to law."

{¶ 7} A sentence not authorized by statute is contrary to law. *E.g.*, *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 15 ("Our conclusion

reflects the well-established principle that a court acts contrary to law if it fails to impose a statutorily required term as part of an offender's sentence.").

## 2. Applicable sentencing statutes for Thompson's offense

{¶ 8} Thompson was convicted of a felony offense and the trial court was required to impose either 1) a prison sentence or 2) community control sanctions. *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 23. The trial court did not impose a prison sentence; therefore, it was required to impose community control sanctions. A community control sanction is defined in R.C. 2929.01(E), as "a sanction that is not a prison term and that is described in section 2929.15, 2929.16, 2929.17, or 2929.18 of the Revised Code * * *."

{¶ 9} R.C. 2929.16(A) provides the authority for a sentencing court to impose "a community residential sanction." R.C. 2929.16(A) reads in relevant part:

> (A) Except as provided in this division, the court imposing a sentence for a felony upon an offender who is not required to serve a mandatory prison term may impose any community residential sanction or combination of community residential sanctions under this section. * * * Community residential sanctions include, but are not limited to, the following:
>
> (1) Except as otherwise provided in division (A)(6) of this section, a term of up to six months at a community-based correctional facility that serves the county;
>
> (2) Except as otherwise provided in division (A)(3) or (6) of this section and subject to division (D) of this section, a term of up to six months in a jail;
>
> (3) If the offender is convicted of a fourth degree felony OVI offense and is sentenced under division (G)(1) of section 2929.13 of the Revised Code, subject to division (D) of this section, a term of up to one year in a jail less the mandatory term of local incarceration of sixty

or one hundred twenty consecutive days of imprisonment imposed pursuant to that division;

(4) A term in a halfway house;

(5) A term in an alternative residential facility;

(6) If the offender is sentenced to a community control sanction and violates the conditions of the sanction, a new term of up to six months in a community-based correctional facility that serves the county, in a halfway house, or in a jail, which term shall be in addition to any other term imposed under this division.

{¶ 10} Financial sanctions that may be imposed as community control sanctions are described in R.C. 2929.18(A), which reads in pertinent part:

Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section or, in the circumstances specified in section 2929.32 of the Revised Code, may impose upon the offender a fine in accordance with that section.

### C. The sentence of "time served" and the imposition of costs pursuant to R.C. 2947.23 are not community control sanctions

### 1. "Time served" is not a community control sanction

{¶ 11} The trial court sentenced Thompson to "time served" and gave her credit for one day served in jail. We recognize that the phrase "time served" in criminal cases is generally understood as being the length of time a criminal defendant has been detained prior to sentencing for the purposes of calculating under R.C. 2967.191 any reduction in an imposed prison sentence. However, a trial court may only impose a sentence for a criminal offense that is authorized by law. *Anderson* at ¶ 23.

{¶ 12} In *State v. Pooler*, 2d Dist. Montgomery No. 28661, 2021-Ohio-1432, the state asserted that a sentence of "time served" for the crime of improper handling of a firearm in a motor vehicle, a fourth-degree felony offense, was contrary to law. The defendant conceded that the sentence was contrary to law, noting the sentence of time served "was not described" in R.C. 2929.15 through 2929.18. *Id.* at ¶ 12. The court of appeals found the sentence "did not reference community control or inform Pooler of the penalties for a community control violation." *Id.* at ¶ 13. The court of appeals also noted that by imposing "time served" the trial "court constructively imposed a single community control sanction of a jail sentence equal to the amount of time the defendant had already served." *Id.*

{¶ 13} In this case, although we could infer from the record that the trial court meant to impose a community control sanction described in R.C. 2929.16(A) of a jail term, it did not do so. Instead, it sentenced Thompson to "time served." The sentence of "time served" imposed in court, not being a community control sanction described in R.C. 2929.15 through 2929.19, is contrary to law. *Pooler* at ¶ 13.

2. **The imposition of costs in a criminal case pursuant to R.C. 2947.23 are not financial community control sanctions**

{¶ 14} A trial court, when sentencing an offender for a felony offense, shall consider imposing a financial sanction as the sole community control sanction. R.C. 2929.13(A). Thompson argues that the trial court did impose a financial sanction under R.C. 2929.18 when it sentenced her by entering judgment "in an amount equal to the costs of this prosecution." We are not persuaded by this

argument. R.C. 2929.18(A) provides that "*in addition to imposing court costs pursuant to section 2947.23* * * * the court imposing a sentence * * * may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section." (Emphasis added.) The language of the statute separates costs to be imposed pursuant to R.C. 2947.23 from financial sanctions that would be considered community control sanctions. The trial court did not impose a fine or other financial sanction described in R.C. 2929.18; it ordered Thompson to pay the costs of prosecution. As such, the trial court did not impose a community control sanction under R.C. 2929.18.

### 3. The sentence imposed by the trial court is reversed and the case is remanded to the trial court for resentencing

{¶ 15} Having found that trial court imposed a sentence that is contrary to law, we must determine the remedy. The state asks us to remand this case to the trial court for a resentencing hearing. Where a trial court imposes a sentence that is found to be contrary to law, the remedy is to reverse the sentence and remand the matter for resentencing. *E.g.*, *State v. Mathis*, 109 Ohio St.3d 54, 62, 2006-Ohio-855, 846 N.E.2d 1 ("It thus appears that any case that is remanded for 'resentencing' anticipates a sentencing hearing de novo, yet the parties may stipulate to the existing record and waive the taking of additional evidence.").

{¶ 16} Thompson argues that if we determine her sentence to be contrary to law, then this court should recognize that the trial court intended to sentence her to

an authorized community control sanction, one day in jail, and modify the sentence as the court did in *Pooler*, *supra*.

{¶ 17} In *Pooler*, the court of appeals found "no benefit to remanding the case" and exercised its authority under R.C. 2953.08(G)(2) to modify the sentence. *Id*., 2d Dist. Montgomery No. 28661, 2021-Ohio-1432, at ¶ 13, 15. But in *Pooler*, the offender committed the crime of improper handling of a firearm in a motor vehicle, a crime without a specified victim. In this case, Thompson was convicted of aggravated assault, a crime for which there was a victim. Under Ohio law, a victim of crime has certain rights, to include notice of and an opportunity to be heard in any sentencing proceeding. Ohio Constitution, Article I, Section 10a(A)(2) – (3); *see* R.C. 2930.01 et seq. Accordingly, we decline to modify the sentence imposed in this case. The state's assignment of error is sustained, and we remand this matter to the trial court for resentencing.

## III. CONCLUSION

{¶ 18} Thompson committed a felony offense, and the trial court was required to either impose a prison term or community control sanctions. The trial court did not impose a prison term and imposed a sentence of "time served" and ordered Thompson to pay the costs of prosecution. Because the sentence of "time served" is not a community control sanction authorized by R.C. 2929.15 through 2929.19 and because the imposition of costs is not a financial sanction recognized as a community control sanction, the trial court imposed a sentence that is contrary

to law.  The sentence is reversed, and the case is remanded to the trial court for resentencing.

{¶ 19} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellee and appellant split costs herein taxed

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

LISA B. FORBES, J., CONCURS;
SEAN C. GALLAGHER, A.J., CONCURS (WITH SEPARATE OPINION ATTACHED)


SEAN C. GALLAGHER, A.J., CONCURRING:

{¶ 20} Although I fully concur with the majority's opinion, I write separately to clarify this area of the law.  In this case, the trial court imposed a sentence of one day in jail, with a jail-time credit of one day, referred to as a sentence of "time served."  It must be made clear that the majority's decision is not one merely elevating form over substance.  The imposition of this type of sentence as the sole community control sanction is invalid.  At least one community control sanction

must be imposed upon the offender under the plain language of R.C. 2929.15(A)(1): "the court may directly impose a sentence *that consists of one or more community control sanctions* authorized pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code." (Emphasis added.) *Id.*

{¶ 21} In *State v. Nash*, 2012-Ohio-3246, 973 N.E.2d 353, ¶ 12 (8th Dist.), and again in *State v. Amos*, 8th Dist. Cuyahoga No. 97719, 2012-Ohio-3954, ¶ 10, *rev'd on other grounds*, *State v. Amos*, 140 Ohio St.3d 238, 2014-Ohio-3160, 17 N.E.3d 528, ¶ 16, the "time served" sentences were deemed valid, but only when accompanied with the imposition of a nominal fine under R.C. 2929.18. Although both cases are of limited authority, the opinions are instructive. Under R.C. 2929.13(A), "[i]f the offender is eligible to be sentenced to community control sanctions, the court *shall* consider the appropriateness of imposing a financial sanction pursuant to section 2929.18 of the Revised Code or a sanction of community service pursuant to section 2929.17 of the Revised Code *as the sole sanction* for the offense." (Emphasis added.) *Id.* Thus, the legislature has provided a mechanism to impose a de minimis sanction upon deserving offenders to limit the cost to the public.

{¶ 22} The error in this case is not necessarily with the imposition of an illusory jail term that is subsumed by the jail-time credit, but in the failure to consider and impose the nominal fine or community service as the sole community control sanction. *Amos* at ¶ 10. As noted in the majority, trial courts lack authority to craft their own sentences. *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-

2089, 35 N.E.3d 512, ¶ 12.  It is not enough that a particular sentence is not precluded under the Revised Code, but that the legislature has affirmatively authorized the sentence.  *State v. Anderson*, 2016-Ohio-7044, 62 N.E.3d 229, ¶ 6-7 (8th Dist.).  Under the unambiguous language of R.C. 2929.13(A), the trial court is required to consider two options when considering the imposition of a single community control sanction, but a jail term subsumed by the jail-time credit is not one of those options.  Accordingly, I fully concur with the majority.