[Cite as *State v. Richards*, 2020-Ohio-5159.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | APPEAL NO. C-200094 |
| | | TRIAL NO. B-1905865 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | |
| | | *O P I N I O N.* |
| DENNIS RICHARDS, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed as Modified

Date of Judgment Entry on Appeal: November 4, 2020

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michael Trapp,* for Defendant-Appellant.

WINKLER, Judge.

{¶1} After entering a guilty plea, defendant-appellant Dennis Richards was convicted of trespass in a habitation, a fourth-degree felony. The trial court sentenced him to a prison term of 12 months to be followed by a one-year term of community control. Richards now appeals.

{¶2} In his sole assignment of error, Richards argues the trial court erred as a matter of law by requiring him to serve a term of community control after imposing a prison term for the same offense. He requests that this court vacate the term of community control from his sentence.

## Unauthorized Split Sentence

{¶3} Under Ohio law, prison and community-control sanctions are alternative punishments for felony offenses and split sentences are generally not statutorily authorized. *See State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 21-31. Thus, absent an express exception, the sentencing court must determine the appropriate sanction from the alternatives, in accordance with the sentencing statutes, and impose only that sanction. *See id.* at ¶ 31; *State v. Tolbert*, 1st Dist. Hamilton No. C-170711, 2019-Ohio-2557, ¶ 32.

{¶4} Here, the trial court imposed a prison term to be followed by a term of community control. No statutory exception applied to allow the imposition of a term of community control after the sentencing court found a prison term appropriate. Thus, the trial court erred as a matter of law by imposing an unauthorized split sentence. *Anderson* at ¶ 31. Accordingly, we sustain the assignment of error.

## Remedy

{¶5} Although the parties agree that the trial court erred, they disagree on the proper remedy for the improper split sentence. Richards contends that this court should vacate the term of community control from his sentence because it is "void." But the trial court had both subject-matter and personal jurisdiction in this case, so

no part of Richards's sentence could be void. *See State v. Harper*, Slip Opinion No. 2020-Ohio-2913, ¶ 42.

{¶6} The state contends the entire sentence should be vacated and the cause remand for a new sentencing hearing. According to the state, the error is similar to those instances where the court improperly imposes sentences on two or more allied offenses of similar import. When an appellant prevails on that sentencing error, the proper remedy is to vacate the sentences affected by the allied-offenses error and remand the matter for the state's necessary election and a new sentencing hearing involving the remaining offense or offenses. *See State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, paragraph one of the syllabus and ¶ 18.

{¶7} We are not convinced by the state's reasoning that the entire sentence should be vacated and the matter remanded for a new sentencing hearing. The sentencing error in this case involves a single offense. Richards does not challenge the appropriateness of the prison sanction imposed for that offense, only the trial court's authority to additionally impose a term of community control. While that term of community control is not void, it is voidable, and Richards has successfully challenged in this appeal the trial court's action imposing that part of the sentence. Because vacating the unauthorized community-control sanction does not disturb the unchallenged prison sanction, we need only vacate the community-control sanction and leave the 12-month prison term intact. *See State v. Paige*, 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800, ¶ 14; *Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 513, at ¶ 32; *Tolbert*, 1st Dist. Hamilton No. C-170711, 2019-Ohio-2557, at ¶ 34.

## Conclusion

{¶8} Because the trial court erred by imposing a community-control sanction after imposing a prison term for the single offense of trespass in a

habitation, we vacate the community-control sanction from Richards's sentence. In all other respects, we affirm.

Judgment accordingly.

**MOCK, P.J.,** and **ZAYAS, J.,** concur.

Please note:

 The court has recorded its own entry on the date of the release of this opinion.