[Cite as *State v. Thomas*, 2022-Ohio-451.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210312 |
| | | TRIAL NO. B-2006056-A |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | |
| | | *O P I N I O N.* |
| TERENCE THOMAS, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Sentence Vacated and Case Remanded

Date of Judgment Entry on Appeal: February 16, 2022

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Sean M. Donovan,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michael J. Trapp,* for Defendant-Appellant.

**Bock, Judge.**

{¶1}    Defendant-appellant Terence Thomas appeals his 12-month sentence for a misdemeanor violation of R.C. 2913.51(A). For the following reasons, we hold that the sentence was contrary to law. We therefore vacate the sentence imposed for count five and remand the case for resentencing consistent with this decision.

## I.      Facts and Procedure

{¶2}    In November 2020, Thomas was indicted for five felonies. Relevant here, in count five Thomas was charged with receiving stolen property in violation of R.C. 2913.51(A), a fifth-degree felony. Thomas and the state entered into a plea agreement. The state agreed to dismiss count two and reduce count five to a misdemeanor. In exchange, Thomas entered a guilty plea to the remaining counts as charged, and count five as amended to a misdemeanor violation of R.C. 2913.51(A).

{¶3}    At the plea hearing, the trial court reviewed the plea agreement with Thomas. The court told Thomas "[i]f you're going to plead to Count 5, that's the misdemeanor, 2913.51. That's an M-1. I'm showing that to counsel. That's the last one he's going to plead guilty to. And that's actually reduced, right?" The court informed Thomas that he faced up to "180 days in jail, $1,000 maximum possible fine" for a first-degree misdemeanor. Following the colloquy, the court accepted Thomas's guilty plea for "Count 5, [receiving stolen property], 2913.51(A), Misdemeanor 1." The trial court journalized the plea agreement in an "Entry Withdrawing Plea of Not Guilty and Entering Plea of Guilty."

{¶4}    Despite accepting Thomas's guilty plea to a first-degree misdemeanor for count five, the court listed count five as a fifth-degree felony in its order for a probation investigation and victim-impact statement.

2

{¶5}    At the sentencing hearing, the court imposed a 40-month sentence for counts one, three, and four. Next, the sentencing court imposed a "one year Department of Corrections" sentence for count five, to run concurrently with his 40-month sentence.

{¶6}    In its sentencing entry, the court sentenced Thomas to an aggregate of 40-months' incarceration for counts one, three, and four. For count five, the sentencing court indicated that Thomas "had pleaded guilty, and had been found guilty of the offense(s) of * * * RECEIVING STOLEN PROPERTY, 2913-51A/ORCN, F5." The court ordered count five to run concurrent with his 40-month sentence.

{¶7}    Thomas appeals only his sentence for count five.

## II.    Law and Analysis

{¶8}    In his assignment of error, Thomas argues that the court erred when it imposed a felony sentence without an underlying felony conviction. Thomas failed to object to the error at the sentencing hearing, waiving all but plain error. *State v. White,* 1st Dist. Hamilton No. C-190589, 2021-Ohio-1644, ¶ 54, quoting *State v. Hessler*, 90 Ohio St.3d 108, 121, 734 N.E.2d 1237 (2000). Under the plain-error doctrine, we will reverse an error if it was plain and obvious and affected the outcome of the trial. *White* at ¶ 54, citing *State v. Hayes*, 2020-Ohio-5322, 162 N.E.3d 947, ¶ 41 (1st Dist.).

### A.   Thomas's Sentence was Contrary to Law

{¶9}    Under R.C. 2953.08(G)(2), an appellate court can "increase, reduce, or otherwise modify a sentence" that is "contrary to law." A sentence is contrary to law when it is "in violation of statute or legal regulations at a given time." *State v. Jones,* 162 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 34, citing *Black's Law Dictionary* 328 (6th Ed.1990). The parties agree that the trial court erroneously

3

accepted Thomas's guilty plea to count five as amended to a first-degree misdemeanor in violation of R.C. 2913.51(A) and found Thomas guilty of that count, but sentenced Thomas for a felony.

{¶10} A criminal "sentence is a penalty or combination of penalties imposed on a defendant as punishment for the offense he or she is found guilty of committing." *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 28. Fundamentally, "[c]rimes are statutory, as are the penalties." *Colegrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964). A trial court cannot create a sentence; rather, it "must impose only those sentences provided for by statute." *State v. Paige,* 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800, ¶ 13, citing *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 12.

{¶11} When a trial court imposes a sentence that is incompatible with the offense to which the defendant pleaded guilty, the court commits plain error. *See State v. Griffin*, 8th Dist. Cuyahoga Nos. 110474, 110475 and 110476, 2021-Ohio-4128, ¶ 13 ("Because Griffin did not plead guilty to any qualifying felony, the trial court could not impose an indefinite sentence pursuant to R.C. 2929.14(A). Nevertheless, the trial court [imposed] an indefinite sentence.").

{¶12} The trial court committed plain error. Thomas entered a guilty plea to count five as amended to a first-degree misdemeanor for receiving stolen property under R.C. 2913.51(A). The court accepted his guilty plea at the plea hearing and journalized the plea agreement. Under Ohio law, a court may impose a jail term of "not more than one hundred eighty days" for a first-degree misdemeanor. R.C. 2929.24(A)(1). But the court identified the offense as a fifth-degree felony and imposed a 12-month term of incarceration, a sentence that falls within the statutory range for a fifth-degree felony. *See* R.C. 2929.14(A)(5). While trial courts enjoy broad

discretion to impose a sentence, the sentence must be authorized by statute. *See State v. Hitchcock,* 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 164, ¶ 19, citing *Anderson* at ¶ 13.

**{¶13}** Thomas's sentence was unauthorized by statute and contrary to law. We find the error both obvious and prejudicial. *See State v. Gilmore,* 1st Dist. Hamilton Nos. C-070521 and C-070522, 2008-Ohio-3475, ¶ 17, quoting *State v. Fields,* 97 Ohio App.3d 337, 347-348, 646 N.E.2d 866 (1st Dist.1994), quoting *State v. Burl*, 1st Dist. Hamilton Nos. C-920167 and C-920194, 1992 Ohio App. LEXIS 6344, *5 (Dec. 16, 1992).

## B. Remedy

**{¶14}** Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate a felony sentence and remand the case to the trial court if the sentence is otherwise contrary to law. The state asks this court to modify the trial court's sentencing entry. But "[c]orrecting a defect without a remand" is proper when the sentencing court "had no discretion." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 29-30. Under R.C. 2929.22(A), a sentencing court imposing a misdemeanor sentence has "discretion to determine the most effective way to achieve the purposes and principles of sentencing." In light of that discretion, remanding the case to the trial court is a more appropriate course of action.

## III. Conclusion

**{¶15}** The trial court committed plain error when it imposed a felony sentence for a misdemeanor offense. We sustain Thomas's assignment of error, vacate his sentence for count five, and remand the case for resentencing consistent with this decision.

Sentence vacated and case remanded.

**CROUSE, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.