[Cite as *State v. O'Neal*, 2022-Ohio-3017.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190736 |
| | | TRIAL NO. B-1903562 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| WILLIAM O'NEAL, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: August 31, 2022

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Raymond T. Faller*, Hamilton County Public Defender, and *Krista Gieske*, Assistant Public Defender, for Defendant-Appellee.

**WINKLER, Judge.**

{¶1} The state of Ohio brings this appeal that challenges the trial court's judgment declaring the indefinite sentencing provisions of the Reagan Tokes Law, enacted through 2018 Am.Sub.S.B. 201 ("S.B. 201"), to be unconstitutional, and sentencing defendant-appellee William O'Neal under the pre-S.B. 201 sentencing law instead of S.B. 201 for a qualifying second-degree-felony offense. Because the Reagan Tokes Law is not unconstitutional, we reverse the challenged portion of O'Neal's sentence and remand the matter for resentencing consistent with this opinion.

## I. Facts and Procedural History

{¶2} The Reagan Tokes Law, as defined under R.C. 2901.011, departs from the existing definite sentencing scheme and provides an indefinite sentencing scheme for non-life-sentence felony offenses of the first or second degree committed on or after March 22, 2019. In November 2019, O'Neal pled guilty to one count of felonious assault with a three-year-firearm specification and one count of having weapons under a disability. Because these offenses occurred on or about June 24, 2019, and the felonious-assault offense was a second-degree felony, O'Neal was subject to the newly enacted indefinite sentencing provisions under the Reagan Tokes Law for that offense.

{¶3} The trial court sua sponte determined that the indefinite sentencing provisions of the Reagan Tokes Law violated the constitutional safeguards of separation of powers and procedural due process. Later, the trial court sentenced O'Neal to an aggregate prison term of five years that included a definite two-year prison term for the felonious-assault offense.

{¶4} The state now appeals pursuant to R.C. 2953.08(B)(2), which authorizes an appeal of a felony sentence on the ground that it is contrary to law. In

2

two assignments of error argued together, the state contends the trial court erroneously found the Reagan Tokes Law unconstitutional and that the definite sentence imposed for the felonious-assault offense is contrary to law.

{¶5} O'Neal agrees with the trial court's conclusion that the Reagan Tokes Law is unconstitutional on its face. He argues the Reagan Tokes Law violates the separation-of-powers doctrine, fails to afford sufficient procedural due process to offenders, and additionally, violates substantive-due-process and equal-protection guarantees under the United States and Ohio Constitutions. He urges this court to affirm.

## II. Analysis

{¶6} This court recently considered the constitutionality of the Reagan Tokes Law upon a facial challenge to the indefinite sentencing provisions. *See State v. Guyton*, 1st Dist. Hamilton No. C-190657, 2022-Ohio-2962. Noting the strong presumption of constitutionality afforded legislation, we determined that Guyton failed to demonstrate that the indefinite sentencing scheme embodied in the Reagan Tokes Law was on its face unconstitutional beyond a reasonable doubt. *Id*. at ¶ 18-19 and 69.

{¶7} Specifically, we held that the law does not violate the separation-of-powers doctrine, because the judiciary imposes the sentence that is enforced by the Ohio Department of Rehabilitation and Corrections ("ODRC"), an executive branch agency, using a presumptive release date. *Id*. at ¶ 27-28. Moreover, the law does not violate substantive-due-process rights or the right to equal protection under the law, because the indefinite sentencing scheme, creating a presumptive release date that affects only those convicted of non-life-sentence felony offenses of the first and second

3

degree, is rationally related to the state's goal in reducing recidivism for serious offenders by incentivizing good conduct in prison as observed by those overseeing the prisons. *Id.* at ¶ 37 and 68. Finally, we concluded that where the statute directing ODRC action that affects the deprivation of an offender's liberty interest does not preclude notice to an offender, and specifically contemplates a hearing, it must be read as one with the constitutional requirements of procedural due process. *Id.* at ¶ 51 and 57. Therefore, a set of circumstances exists under which the challenged statute satisfies the guarantee of procedural due process. *Id.* at ¶ 57.

{¶8} In sum, this court has upheld the constitutionality of the indefinite sentencing provisions that the trial court determined were facially unconstitutional. The trial court should have sentenced O'Neal under the Reagan Tokes Law's indefinite sentencing provisions, and the court's failure to do so renders O'Neal's sentence for the felonious-assault offense contrary to law.

### III. Conclusion

{¶9} The definite sentence imposed by the trial court for the felonious-assault offense is contrary to law. Pursuant to *Guyton*, we sustain the state's two assignments of error. Accordingly, we reverse the trial court's judgment and remand for resentencing on the felonious-assault offense.

Judgment reversed and cause remanded.

MYERS, P.J., concurs.
BERGERON, J., concurs separately.

**Bergeron, J.**, concurring separately.

{¶10} For the reasons explained in my partial dissent in *Guyton*, 1st Dist. Hamilton No. C-190657, 2022-Ohio-2962, I believe that the Reagan Tokes Law

4

violates procedural due process. However, I believe that *Guyton* should be followed as precedent from this district unless and until the Supreme Court of Ohio tells us otherwise. Therefore, I concur in this opinion and do not intend to write separately in future Reagan Tokes Law cases.

Please note:

> The court has recorded its entry on the date of the release of this opinion.