[Cite as *State v. Patrick*, 2022-Ohio-4171.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220049 |
| | | TRIAL NO. B-2102022 |
| Plaintiff-Appellee, | : | |
| | : | *O P I N I O N.* |
| vs. | | |
| | : | |
| DAVID ALLEN PATRICK, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Sentence Vacated in      Part        and
Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: November 23, 2022

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Keith Sauter*,
Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender, and *Sarah Nelson*, Assistant
Public Defender, for Defendant-Appellant.

**CROUSE, Judge.**

{¶1} Defendant-appellant David Allen Patrick appeals the judgment of the Hamilton County Court of Common Pleas. In a single assignment of error, Patrick contends that the trial court erred when imposing his sentence. Because we agree that the court erred in imposing both a no-contact order and a prison term for the same felony offense, and in failing to notify Patrick of his term of postrelease control, we vacate the no-contact order, reverse the postrelease-control portion of his sentence, and remand the cause for the limited purpose of holding a notification-of-postrelease-control hearing in accordance with R.C. 2929.191. We affirm the court's judgment in all other respects.

### *Facts and Procedure*

{¶2} After a brutal domestic dispute with his partner in April 2021, Patrick was charged with two counts of felonious assault, attempted murder, kidnapping, and domestic violence. In December 2021, Patrick pleaded guilty to felonious assault in violation of R.C. 2903.11(A)(1). In exchange, the state dismissed the remaining charges. The court accepted the plea, found Patrick guilty, and ordered a presentence investigation report, victim impact statement, and an evaluation from River City Correctional Center ("RCCC").

{¶3} In January 2022, the court held a sentencing hearing. At the hearing, Patrick asked the court to impose a term of substance-abuse treatment at RCCC. Brittany Clay, the victim and prosecuting witness, along with Patrick's daughter, asked the court for the same. The state, on the other hand, asked for the maximum sentence: eight years in prison. At the hearing, the case detective stated that this was "the worst

2

case of domestic abuse [he had] seen short of homicide" and that recorded jail-house calls demonstrated that Patrick had been manipulating Clay after the incident.

{¶4} At the close of the hearing, the court imposed an eight-year sentence in the Ohio Department of Rehabilitation and Correction ("ODRC"), with credit for 282 days. The court added: "You are to stay away from Brittany Clay," and "I will order that you undergo mental health counseling, drug treatment, and anger management while you are in the institution." The corresponding sentencing entry also included the same term of incarceration and no-contact order, and stated, "the defendant shall complete mental health treatment and substance abuse counseling as recommended." The entry also included a notification of Patrick's required term of postrelease control, though there was no such notification at the sentencing hearing.

{¶5} In a single assignment of error, Patrick argues that the court erred in ordering that he stay away from Clay, that he undergo treatment in prison, and in failing to notify him of postrelease control.

### *The No-Contact Order*

{¶6} Patrick contends that the court erred by imposing a no-contact order while also imposing a term of incarceration. The state concedes the error.

{¶7} Pursuant to R.C. 2953.08(G)(2), an appellate court may vacate or modify a felony sentence on appeal if it determines by clear and convincing evidence that the sentence is contrary to law.

{¶8} We have previously held that a no-contact order is a community-control sanction. *State v. James,* 1st Dist. Hamilton No. C-210597, 2022-Ohio-3019, ¶ 25, citing *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 17 and *State v. Beauchamp*, 1st Dist. Hamilton No. C-210340, 2022-Ohio-738, ¶ 17. It is

contrary to law for "a court [to] impose a prison term and a community-control sanction for the same offense." *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 32; *James* at ¶ 25; *Beauchamp* at ¶ 17; *State v. Trimble*, 4th Dist. Adams No. 20CA1126, 2021-Ohio-2609, ¶ 9 ("imposing a no-contact order in addition to a prison term is contrary to law").

{¶9} Where a court imposes both types of sanctions, the proper remedy is to vacate the no-contact portion of the sentence. *Anderson* at ¶ 32; *State v. Richards*, 1st Dist. Hamilton No. C-200094, 2020-Ohio-5159, ¶ 7 (explaining that, "[b]ecause vacating the unauthorized community-control sanction does not disturb the unchallenged prison sanction, we need only vacate the community-control sanction").

{¶10} Therefore, because the trial court's imposition of both a prison term and a no-contact order was contrary to law, we sustain this portion of Patrick's assignment of error, and vacate the no-contact order.

### *The Treatment Recommendation*

{¶11} Similarly, Patrick contends that the court's directive to "complete mental health treatment and substance abuse counseling as recommended" is akin to a nonresidential community-control sanction and is also impermissible. The state contends that this is not a community-control sanction at all because any treatment is to be done while Patrick is serving his prison sentence.

{¶12} "While trial courts enjoy broad discretion to impose a sentence, the sentence must be authorized by statute." *State v. Thomas*, 1st Dist. Hamilton No. C-210312, 2022-Ohio-451, ¶ 12. The trial court's authority to impose a prison sentence does not include any authority to impose any conditions of Patrick's confinement. *See* R.C. 2929.14(C) (providing for prison terms for second-degree felonies). It is the

4

ODRC that enforces the sentence imposed by the court. *See State v. O'Neal*, 1st Dist. Hamilton No. C-190736, 2022-Ohio-3017, ¶ 7. In fact, once the defendant is "delivered from the temporary detention facility of the judicial branch to the penal institution of the executive branch," the trial court has no authority over that sentence. *Columbus v. Messer*, 7 Ohio App.3d 266, 268, 455 N.E.2d 519 (10th Dist.1982); *see State v. Garretson*, 140 Ohio App.3d 554, 559, 748 N.E.2d 560 (12th Dist.2000).

{**¶13**} At the sentencing hearing, the court ordered Patrick to "undergo mental health counseling, drug treatment, and anger management while [he is] *in the institution*." (Emphasis added.) The judgment entry states that "the defendant shall complete mental health treatment and substance abuse counseling *as recommended*." (Emphasis added.) We read this to be only a recommendation to the ODRC because any mental-health treatment and substance-abuse counseling necessarily must be done while Patrick is serving his prison sentence. If Patrick should fail to receive treatment while serving his sentence, there would be no additional sanction the court could impose. The court has no power to order the ODRC to provide Patrick with treatment. It can only recommend such treatment.

{**¶14**} While perhaps unusual in Ohio, such a recommendation is not contrary to law. In fact, such recommendations are regularly made by federal courts in their judgment entries. *See, e.g., United States v. Wallace*, W.D.Ky. No. 5:13-CR-00027-TBR, 2015 U.S. Dist. LEXIS 184764 (Dec. 15, 2015), quoting *United States v. Ceballos*, 671 F.3d 852, 855-56 (9th Cir. 2011) ("A 'district court's recommendation to the Bureau of Prisons is just that—a recommendation.' "); *United States v. Dougan,* 684 F.3d 1030, 1033 (10th Cir. 2012) (a district court's recommendation of treatment during incarceration is not binding on the Bureau of Prisons); *United States v. Giles,*

E.D.Ky. No. 3:16-CR-4-GFVT-HAI, 2017 U.S. Dist. LEXIS 216605, at *5-6 (Sep. 21, 2017) ("The record plainly establishes that [the defendant's] inability to participate in the program does not affect the validity of his sentence because [the sentencing court] made a non-binding recommendation that he participate in [the drug treatment program].").

{¶15} For all these reasons, we overrule Patrick's assignment of error as it relates to the recommendation for treatment.

### *Notification of Postrelease Control*

{¶16} Next, Patrick contends that the trial court failed to give him notice of the postrelease-control portion of his sentence at the sentencing hearing, while conceding that it is properly included in the sentencing entry. He argues that pursuant to *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 4, the postrelease-control portion of his sentence is voidable and can only be set aside if challenged by the state on direct appeal. Thus, Patrick contends that because the state did not cross-appeal on this issue, this Court should find that the imposition of postrelease control was contrary to law and vacate that part of his sentence. While the state concedes that the trial court erred in failing to notify Patrick of postrelease control at the sentencing hearing, it contends that any error can be corrected by conducting a notification-of-postrelease-control hearing pursuant to R.C. 2929.191.

{¶17} For Patrick, postrelease control is mandatory. Pursuant to R.C. 2967.28(B)(3), the sentencing court is required to impose a mandatory term of postrelease control between eighteen months and three years for a second-degree felony. The court is also required to notify the defendant at the sentencing hearing of the term of postrelease control, whether it is discretionary or mandatory, and the

consequences of violating postrelease control. *State v. Bates*, 167 Ohio St.3d 197, 2022-Ohio-475, 190 N.E.3d 610, ¶ 10-12, citing *State v. Jordan*, 104 Ohio St. 3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23 and *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700; R.C. 2929.19(2)(d) and (f). The notice must also be incorporated into the sentencing entry. *Id.*

{¶18} We have held that where a court fails to validly impose postrelease control by, for instance, failing to provide proper notice at the sentencing hearing, R.C. 2929.191 provides a mechanism for the trial court to correct the error. *State v. Harris*, 1st Dist. Hamilton No. C-210661, 2022-Ohio-3310, ¶ 20; *see also State v. Barnette,* 7th Dist. Mahoning No. 19 MA 0114, 2020-Ohio-6817, ¶ 17–20 ("Thus, pursuant to R.C. 2929.191 a trial court may correct a judgment entry of conviction to include the proper notice of post release control as long as the offender has not yet completed his or her prison term and the court follows the statutory notice and hearing requirements.")

{¶19} Therefore, pursuant to *Harris,* because the court failed to properly advise Patrick of the terms of his postrelease control, the trial court can correct the error by following the procedure set forth in R.C. 2929.191. Accordingly, we sustain this portion of Patrick's assignment of error, reverse the postrelease-control portion of his sentence, and remand the cause for the trial court to hold a notification-of-postrelease-control hearing in accordance with R.C. 2929.191.

### *Conclusion*

{¶20} Patrick's sole assignment of error is sustained as it relates to the no-contact order and notification of postrelease control, but overruled as it relates to the court's recommendation for treatment. Accordingly, we vacate the no-contact

order, reverse the postrelease-control portion of the sentence, and remand the cause for the limited purpose of holding a notification-of-postrelease-control hearing pursuant to R.C. 2929.191. We affirm the court's judgment in all other respects.

Judgment accordingly.

**MYERS, P. J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.