[Cite as *State v. Vannatter*, 2024-Ohio-1549.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                          :          APPEAL NO. C-230568
                                                   TRIAL NO.   B-2202798
      Plaintiff-Appellee,          :

    vs.                               :          *O P I N I O N.*

BRANDON VANNATTER,                      :

      Defendant-Appellant.         :


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: April 24, 2024


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *H. Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Sarah E. Nelson*, Assistant Public Defender, for Defendant-Appellant.

**WINKLER, Judge.**

{¶1}    In this criminal appeal, defendant-appellant Brandon Vannatter appeals his sentence of three years' imprisonment after entering a guilty plea for reckless homicide in violation of R.C. 2903.041(A).  In his sole assignment of error, Vannatter argues that the trial court erred when it failed to notify him of the potential for postrelease control during the sentencing hearing and that the court's decision to impose the maximum sentence was based on considerations not contemplated by R.C. 2929.11 and 2929.12.

{¶2}    For the reasons that follow, we sustain the assignment of error as it relates to the notification of postrelease control, reverse the postrelease-control portion of Vannatter's sentence and remand the cause for the trial court to hold a notification-of-postrelease-control hearing pursuant to R.C. 2929.191.  We overrule the assignment of error in all other respects.

### I. Facts and Procedure

{¶3}    Vannatter and the victim, Anthony Harris, were friends enjoying a night out drinking.  One of the two had a handgun on his person, though the record on appeal is unclear as to who owned the handgun.  Vannatter and Harris returned to a friend's apartment to continue partying.  At some point in the night, Vannatter asked to see the handgun.  Harris attempted to unload the handgun:  he ejected the round from the chamber and then released the magazine. In so doing, Harris had reversed the steps to unload the handgun.  After he emptied the chamber, the handgun's mechanism automatically loaded a new round from the magazine into the chamber, so that the handgun remained loaded.  Vannatter fired the gun, sending the bullet mistakenly left in the chamber through Harris's head, killing him.

{¶4}    Vannatter was charged with one count of reckless homicide, in violation of R.C. 2903.041(A), a third-degree felony, with two firearm specifications. Vannatter entered into a plea agreement with the state of Ohio. Vannatter agreed to plead guilty to the sole charge of reckless homicide and, in exchange, the state dismissed the two firearm specifications. The trial court accepted the plea and deferred sentencing to allow time to prepare the presentence-investigation report and victim-impact statements.

{¶5}    At the sentencing hearing, Vannatter, his counsel, a social worker, and Vannatter's family addressed the court on Vannatter's behalf to express remorse, detail Vannatter's compliance with the terms of his release on bond, and plead for mercy. The trial court was unconvinced by Vannatter's statement of remorse. Vannatter had no prior violent criminal activity with what Vannatter's counsel described as a "nominal" prior criminal record. Vannatter's social worker was concerned that Vannatter would not receive the necessary treatment of his mental-health diagnoses while in prison and would continue to self-medicate via substances. The court concluded that community control with drug treatment would not be a suitable sentence because Vannatter had failed to address his substance-abuse issues on his own accord. The trial court then imposed a sentence of three years' imprisonment.

{¶6}    Vannatter now timely appeals.

## II. Law and Analysis

{¶7}    In a single assignment of error, Vannatter argues that the trial court erred when imposing his sentence because the trial court failed to inform him of the

potential for postrelease control during the sentencing hearing and the record does not support the imposition of the maximum sentence.

{¶8}   An appellate court's review of a trial court's felony sentencing is limited.  Vannatter appeals as of right under R.C. 2953.08(A)(1)(a), which permits appellate review of a sentence if it was the maximum definite prison term allowed, the maximum was not required, and the sentence was imposed for only one offense.  Appellate review under that section is governed by R.C. 2953.08(G)(2).  Under that standard, an appellate court may modify or vacate Vannatter's sentence if it "clearly and convincingly find[s]" that either (1) the record does not support the mandatory sentencing findings, or (2) that the sentence is "otherwise contrary to law."  *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 11 (1st Dist.).  In making that determination, the appellate court must review the entire trial-court record, including any oral or written statements made to or by the trial court at the sentencing hearing, and any presentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed.  R.C. 2953.08(F)(1)-(4).

### *Notification of postrelease control*

{¶9}   First, Vannatter argues that the trial court failed to give him notice of the potential for postrelease control during the sentencing hearing.  "It is settled that a 'trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing' and that 'any sentence imposed without such notification is contrary to law.' " *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 8, quoting *State v. Jordan*, 104 Ohio St.3d 221, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23. Specifically, "[t]he trial court must advise the offender at the sentencing hearing of the term of [postrelease control] supervision, whether postrelease control is

discretionary or mandatory, and the consequences of violating postrelease control." *State v. Bates*, 167 Ohio St.3d 197, 2022-Ohio-475, 190 N.E.3d 610, ¶ 11.

**{¶10}** The state concedes that the court did not make the required postrelease-control notification and that the cause should be remanded for a notification-of-postrelease-control hearing instead of remanded for full resentencing under R.C. 2929.191. Accordingly, we sustain this portion of Vannatter's assignment of error, reverse the postrelease-control portion of his sentence, and remand the cause to the trial court to hold a hearing in accordance with R.C. 2929.191 informing Vannatter that he would be subject to postrelease control, the terms of postrelease control, and the consequences of violating the terms of postrelease control. *See State v. Patrick*, 1st Dist. Hamilton No. C-220049, 2022-Ohio-4171, ¶ 18-19.

### *Imposing a three-year sentence*

**{¶11}** Second, Vannatter argues that the record did not support imposing the maximum sentence of three years. Vannatter argues that his sentence was contrary to law because the sentence imposed was "based on factors or considerations that are extraneous to R.C. 2929.11 and 2929.12." *See State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 22.

**{¶12}** Specifically, Vannatter argues the trial court was motivated to impose the maximum sentence because of its displeasure with the plea agreement and the dismissal of the firearm specifications and their mandatory term of imprisonment. Vannatter contends that the trial court, by basing its sentence on its displeasure with the plea agreement, relied on an extraneous consideration not permitted in sentencing by R.C. 2929.11 and 2929.12. *See Bryant* at ¶ 22 ("when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are

permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law" and thus constitutes reversible error).

**{¶13}** However, this argument takes the trial court's statements out of context. Earlier in the sentencing hearing, the judge explained that he intended to explain why he reached the eventual sentence. The trial court's commentary on the plea agreement arose in a colloquy with the father of the victim and whether he thought that Vannatter deserved the maximum sentence:

MR. HARRIS SR.: Well, I wanted him to get the max, but me and my wife were discussing it, and along with my daughter. I told her let's just try to get it over with so we can all move on and try to get the help that we need as a family.

THE COURT: I'm very vocal about plea agreements. When they approach me with agreements, I often have questions. In this particular case I had a question as to why the mandatory time was dismissed when in the number of years I've been on this bench I have never had mandatory time dismissed, ever. But in this particular case all of a sudden they're dismissing mandatory time. I had a prosecutor go on TV and say that we, as judges, were too soft, and that he would never dismiss mandatory time when it came to a gun charge, but then here I am with mandatory time dismissed. I have to think what's different about this case that they're now going against their own policy? I don't know that answer yet. No one has ever given me that answer. Maybe I'll get that answer today and you'll get that answer why that mandatory time was dismissed when I've never seen it before. Before he was

looking at a possibility of six years, three mandatory and three on the actual charge. Now it's just the actual charge where it's exactly in the middle. So we have guidelines. The guidelines say that generally on F5's and F4's those are probation-type charges, F1's and F2's you go to prison. This one is right up the middle of the F3, so its up to me to decide whether or not he goes for the lower end and gets probation or some type of treatment or goes to the higher end and gets a prison sentence, a maximum of three years. I want your thoughts on that.

MR. HARRIS SR.: I think he should get the max because, I mean, every time that as a family we have get togethers, there will always be a chair that's not going to be occupied. I've told my wife I don't want nobody sitting in that chair because that's the chair my boy used to sit in. So, I mean, no amount of time is going to bring [Harris] back, but I want to at least have some justification for his sons because I don't want them to—at some point somebody's going to have to tell them exactly what happened. And like I said, until I'm unable to take care of them, it's probably going to be left up to my daughter and her husband.

{¶14} As the maximum possible sentence under the plea agreement was half of the maximum possible sentence for the offense with which Vannatter was originally charged, the colloquy aided the trial court in assessing what Harris's family meant when they wanted Vannatter to be sentenced to the "maximum." The trial court seemed to intend to stop any possible misunderstanding that the maximum sentence available was six years' imprisonment. Thus, the statements about the plea agreement

7

are not the trial court relying on extraneous factors but understanding what Harris's family meant when they asked for the maximum and an explanation of the sentence.

**{¶15}** Moreover, based on the totality of the record at the sentencing hearing, the sentence was not contrary to the law. A sentence "is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range.'" *State v. Collier-Green*, 1st Dist. Hamilton No. C-220528, 2023-Ohio-2143, ¶ 12, quoting *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

**{¶16}** As discussed above, the trial court failed to address postrelease control at sentencing. However, the record indicates the trial court considered the three sentencing purposes of (1) punishing Vannatter, (2) protecting the community, and (3) the possible rehabilitation of Vannatter. The record indicates the trial court spent particular time discussing the appropriate punishment for Vannatter and his likelihood for rehabilitation. Vannatter argues that the three-year sentence defeats the rehabilitative purpose of sentencing in R.C. 2929.11(A) because Vannatter has various mental-health diagnoses, he can be treated for them, and he will not receive treatment in prison. However, an appellate court is "not permitted 'to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.'" *State v. Arnold*, 1st Dist. Hamilton No. C-200338, 2021-Ohio-2836, ¶ 20, quoting *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42.

**{¶17}** Here, the record indicates the trial court complied with R.C. 2929.11 and 2929.12. In addition to its discussion of the purposes of sentencing in

R.C. 2929.11, the record reflects the trial court considered multiple sentencing factors: it considered that Vannatter caused the death of Harris under R.C. 2929.12(B)(1) and (2) and Vannatter's minimal criminal history under R.C. 2929.12(E), and discounted Vannatter's expressed remorse under R.C. 2929.12(D)(5). The trial court also considered Vannatter's compliance with the conditions of his release on bond, the nature and circumstances of the unintentional homicide, and the impact of the offense on Harris's children and his family. Finally, Vannatter's three-year sentence was within the permissible statutory range for a third-degree felony. Thus, the trial court's sentence of three years' imprisonment was proper.

### III. Conclusion

{¶18} In conclusion, we sustain Vannatter's assignment of error as it relates to the notification of postrelease control, but we overrule it in all other respects. Accordingly, we reverse the postrelease-control portion of Vannatter's sentence and remand the cause to the trial court for the limited purpose of holding a notification-of-postrelease-control hearing pursuant to R.C. 2929.191. We affirm the trial court's judgment in all other respects.

Judgment affirmed in part, reversed in part, and cause remanded.

BOCK, P.J., and BERGERON, J., concur.

Please note:
The court has recorded its entry on the date of the release of this opinion.